UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DOUCET-SPEER, APLC, ET AL.                              CIVIL ACTION

VERSUS                                                  NO. 20-513-SDD-RLB

STATE FARM FIRE AND CASUALTY COMPANY

**ORDER**

Before is Plaintiff Doucet-Speer, APLC and/or its counsel's Motion to Enroll as Counsel of Record and Substitute Party (R. Doc. 113) and Motion to Substitute Party (R. Doc. 144).

Defendant filed a memorandum responding to the first motion and opposing the second motion. (R. Doc. 116). The Court ordered additional briefing. (R. Doc. 117). Plaintiff Doucet-Speer, APLC and/or its counsel filed a reply memorandum. (R. Doc. 118).

**I.      Background**

This removed action was filed in State court on or about July 6, 2020. In the Petition, the law firm Doucet-Speer, APLC sued State Farm Fire and Casualty Company ("Defendant" or "State Farm") to obtain coverage, and bad faith penalties, after State Farm denied a claim for losses resulting from employee theft and fraud. (*See* R. Doc. 1-2 at 8-10). The operative pleading in this action is the Supplemental and Amended Petition for Damages ("Amended Complaint") filed by both Doucet-Speer, APLC and Jeffrey F. Speer (collectively, "Plaintiffs"). (R. Docs. 38, 41). In the Amended Complaint, Plaintiffs allege that the underlying insurance policy "provided the following coverages: 1) $10,000.00 for employee dishonesty, 2) $1,000,000.00 for business liability, [and] 3) $2,000,000.00 general aggregate for liabilities." (R. Doc. 41 at 2). After the submission of the claim, State Farm only tendered $10,000.00 for Employee Dishonesty

coverage. (R. Doc. 41 at 4). It appears that Plaintiffs are now seeking recovery up to $2,000,000.00 in coverage for the alleged loss.

The prosecution of this action has been delayed in light of various changes in counsel for Doucet-Speer, APLC, as well as issues regarding the competency of Jeffrey F. Speer, who for a period of time served as counsel for Doucet-Speer, APLC until the Court learned his Louisiana bar license had been transferred to disability inactive status. (*See* R. Docs. 19, 31, 38, 50, 51, 52, 66, 69). The district judge ultimately dismissed the case without prejudice when Jeffrey F. Speer failed to appear for a pretrial conference. (R. Docs. 70, 71). The district judge then allowed another attorney, Mark S. Owens, to enroll on behalf of Doucet-Speer, APLC, and reinstated the lawsuit. (R. Docs. 73, 74, 75, 76).

Trial is set to commence on April 14, 2025. (R. Doc. 79). The parties have filed dispositive and evidentiary motions, which are pending before the district judge. (*See* R. Docs. 95, 96, 97, 98).

Jeffrey F. Speer, who was proceeding *pro se*, died on December 30, 2024. (R. Doc. 109). Doucet-Speer, APLC and/or its counsel filed the instant motions on February 19, 2025. (R. Doc. 113, 114). In pertinent part, these motions respectively seek an order allowing John Anthony Speer, the Testamentary Executor for the Estate for Jeffery F. Speer, to be substituted as party plaintiff in place of the original Plaintiffs.

**II.    Law and Analysis**

    **A.    Plaintiff's Motion to Enroll as Counsel of Record and Substitute Party (R. Doc. 113)**

Plaintiff Doucet-Speer, APLC and/or its counsel seeks an order (1) substituting John Anthony Speer, the Testamentary Executor for the Estate for Jeffery F. Speer, as party plaintiff in place of his deceased father, Jeffery F. Speer, and (2) allowing Mr. Owens and his law firm to

2

enroll as his counsel in this action. (R. Doc. 113). Defendant does not oppose this relief, but sought the filing of the signed order appointing John Anthony Speer as the Testamentary Executor for the Estate for Jeffery F. Speer, and the accompanying Letters Testamentary, into the record. (R. Doc. 116 at 2-3). These signed documents were subsequently filed into the record, demonstrating that John Anthony Speer was appointed the Testamentary Executor for the Estate for Jeffery F. Speer on February 3, 2025. (*See* R. Doc. 118-1).

Rule 25(a) provides the following:

**(a) Death.**

> **(1)** *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> **(2)** *Continuation Among the Remaining Parties.* After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
>
> **(3)** *Service.* A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a). "Although Rule 25 is procedural; whether a deceased party's claim has been 'extinguished' and who is a 'proper party' for substitution are questions of substantive law." *Perron on behalf of MFJ v. Travis*, No. 20-221, 2023 WL 372064, at *1 (M.D. La. Jan. 24, 2023) (citing *Ransom v. Brennan*, 437 F.2d 513, 520 (5th Cir. 1971); *Charles Alan Wright, Arthur R. Miller & Mary Kay Kane*, 7C Federal Practice and Procedure § 1952 (3d ed. 2007) ("Whether the death of a party extinguishes a claim for or against the party is not a question of procedure. It is a question of substance on which the state law ordinarily governs.")).

3

Given the supplemented record, there is no dispute that John Anthony Speer, the Testamentary Executor for the Estate for Jeffery F. Speer, is the proper party to substitute in place of the deceased plaintiff Jeffrey F. Speer. Accordingly, the Court will allow the substitution pursuant to Rule 25(a). In addition, Mr. Owens and his law firm may enroll as counsel of record on behalf of the substitute plaintiff.

### B.    Plaintiff's Motion to Substitute Party (R. Doc. 114)

Plaintiff Doucet-Speer, APLC and/or its counsel also seek an order (1) substituting Anthony Speer, the Testamentary Executor for the Estate for Jeffery F. Speer, as party plaintiff in place of Doucet-Speer, APLC. Defendant opposes this relief on the basis that John Anthony Speer, in his capacity as succession representative for the deceased individual Jeffrey F. Speer, is not the proper substitute party for Doucet-Speer, APLC. Defendant argues that, at most, John Anthony Speer, as the Testamentary Executor for the Estate for Jeffery F. Speer Anthony Speer, has the right "to vote the shares for the purpose of the voluntary dissolution and liquidation of the law corporation" pursuant to La. R.S. 12:813, but he does not have the capacity to service as the law corporation's representative because Doucet-Speer, APLC still exists as a separate legal entity. (R. Doc. 116 at 3-5). In reply, Plaintiff Doucet-Speer, APLC argues that John Anthony Speer, in his capacity as succession representative, is the proper party to substitute in place of Doucet-Speer, APLC because his father was, while alive, the officer, president, and director for Doucet-Speer, APLC, and the only registered attorney for Doucet-Speer, APLC. (R. Doc. 118).

Doucet-Speer, APLC is a Louisiana professional law corporation. (*See* R. Doc. 116-1). Accordingly, under Louisiana law, it retains its own separate juridical personality distinct from that of Jeffery F. Speer. *See* La. Civ. Code art. 24 ("A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership. The personality of a juridical

4

person is distinct from that of its members."); *see Riggins v. Dixie Shoring Co., Inc.* 590 So.2d 1164, 1167 (La. 1991) ("The general rule that corporations are distinct legal entities, separate from the individuals who comprise them, and that the shareholders are not liable for the debts of the corporation, is statutory in origin and well supported by the jurisprudence."). Indeed, "[a] shareholder has no personal right of action against third persons for wrongs committed against or damaging to the corporation." *RJANO Holdings, Inc. v. Phelps Dunbar, LLP*, 366 So. 3d 499, 506 (La. App. 4th Cir. 2022); *see also Davenport ex rel. Thomas D. Davenport, Jr., APLC v. BellSouth Corp.*, No. 07-0691, 2007 WL 3010027, at *3 (W.D. La. Sept. 17, 2007)("A lawyer may own all of the stock in the [A]PLC, but the [A]PLC is still a legal entity separate and distinct from the individual who owns its shares.").

Louisiana has enacted specific statutes governing professional law corporations. *See* La. R.S. 12:801, *et seq.*[1] "A professional law corporation shall engage in no business other than the practice of law, but may hold property for investment or in connection with its legal practice." La. R.S. 12:804. "Only a qualified person who holds shares shall be entitled to vote voting shares, and participate in the corporation's earnings. Any other shareholder shall have no voting rights for any purpose whatever, shall not participate in the corporation's earnings, and shall have no access to any records or communications pertaining to legal services rendered by, or any other affairs of the corporation except as provided in R.S. 12:813(B)." La R. S. 12:805(B)(1). "In the event of the death of a shareholder of a professional law corporation, said shareholder's

---

[1] "Professional law corporations are authorized by the Louisiana Professional Law Corporations Act, La. R.S. 12:801, *et seq.*, and are subject to all of the general provisions of the Louisiana Business Corporation Law, La. R.S. 12:1, *et seq.*, except when those general provisions are inconsistent with the specific provisions found in La. R.S. 12:801, *et seq.*, relating to the fact that a professional law corporation is also governed by the laws related to the practice of law. La. R.S. 12:802." *P. Charles Calahan, APLC v. Scottsdale Ins. Co.*, 903 So. 2d 1251, 1257 (La. App. 3rd Cir. 2005); *see also Davenport*, 2007 WL 3010027, at *3 ("Professional law corporations are subject to all of the general provisions of the Louisiana Business Corporation Law except when those general provisions are inconsistent with the specific provisions found in La. R.S. 12:801, *et. seq.*").

succession representative, or those placed in possession of the shares of said shareholder if there be no administration of his succession, as the case may be, shall be entitled to vote the shares of said shareholder, and to be elected a director and officer of the corporation, for the purpose of effectuating a voluntary dissolution and liquidation of the corporation, in or out of court, pursuant to the Louisiana Business Corporation Law." La. R.S. 12:813(B).

      The record supports a finding that John Anthony Speer is the succession representative of Jeffrey F. Speer's personnel succession and, therefore, may have certain rights with respect to the voluntary dissolution and liquidation of Doucet-Speer, APLC. *See* La. R.S. 12:813(B). There is no dispute that Doucet-Speer, APLC has not been dissolved. (*See* R. Doc. 118 at 2). Even if Doucet-Speer, APLC was dissolved, the general provisions of Louisiana Business Corporation Law provide that it would continue its corporate existence for the purposes of bringing this lawsuit. La. R.S. 12:1-1405(A) ("A dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs. . . . ") ; *see also Def. Supplies Corp. v. Lawrence Warehouse Co.*, 336 U.S. 631, 634-35 (1949) ("[M]ost courts have held that the dissolution of a corporation works an abatement of pending actions. But a time-honored feature of the corporate device is that a corporate entity may be utterly dead for most purposes, yet have enough life remaining to litigate its actions. All that is necessary is a statute so providing.") (citations omitted). Even termination would not extinguish Doucet-Speer, APLC's claims in this lawsuit or end its juridical personality with respect to this litigation. *See* La. R.S. 12:1-1443(B) ("When the existence of the corporation terminates, the corporation's juridical personality ends except for purposes of any of the following: . . . (2) Concluding any proceeding to which the corporation is a party at the time of the termination.").

Any substitution of a party in place of Doucet-Speer, APLC, whether dissolved or not, would proceed pursuant to Rule 25(c), which provides the following:

> **(c) Transfer of Interest.** If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

Fed. R. Civ. P. 25(c).[2] *See* 7C Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1958 (3d ed. 1999) ("If the substantive law allows the action to continue against the dissolved corporation or against those to whom its assets have been transferred, Rule 25(c) becomes applicable."). The Court has not, however, been presented any evidence of the transfer of Doucet-Speer, APLC's interests, through assignment or otherwise, to Jeffery F. Speer prior to his death, or to John Anthony Speer, either in his individual capacity or in his capacity as the Testamentary Executor for the Estate for Jeffery F. Speer Anthony Speer.

In reply, Doucet-Speer, APLC and/or its counsel's reference various articles in the Louisiana Code of Civil Procedure, and jurisprudence referencing those articles, presumably to establish that John Anthony Speer, as the succession representative of his deceased father, has the authority to control the interests of Doucet-Speer, APLC. (*See* R. Doc. 118). The referenced articles govern (1) whether succession representatives are proper defendants in lawsuits to enforce obligations of the deceased or the deceased succession, *see* La. C. Civ. P. art 735; (2) the scope of the deceased estate, which includes the "property, rights, and obligations" of the deceased at the time of death and accrued after death, *see* La. C. Civ. P. art 872; and (3) the fiduciary duties of a succession representative, *see* La. C. Civ. P. art. 3191. None of these articles

---

[2] Rule 25(a), which only pertains to the death of natural persons, has no application to a substitution with respect to a business entity such as Doucet-Speer, APLC, even if it was dissolved. *See Fezzani v. Bear, Stearns & Co. Inc.*, No. 99-0793, 2023 WL 2612454, at *7 (S.D.N.Y. Mar. 23, 2023) ("Rule 25(a) clearly refers to the death of a natural person and does not apply when a corporation dissolves.") (quoting *Unison Realty Corp. v. RKO Theatres, Inc.*, 35 F.R.D. 232, 234 (S.D.N.Y. 1964)).

have any bearing on whether, as a matter of fact or law, any of the causes of action asserted by Doucet-Speer, APLC in this litigation were transferred to Jeffrey F. Speer prior to his death or were otherwise acquired by Jeffrey F. Speer or his succession after his death.

In short, the Court need not decide whether, or to what extent, John Anthony Speer, in his individual capacity or in his capacity as the Testamentary Executor for the Estate for Jeffery F. Speer Anthony Speer, has any management authority over the operations of Doucet Speer, APLC beyond the limited rights with respect to dissolution detailed in La. R.S. 12:813(B). Furthermore, in resolving the instant motion, the Court need not decide whether John Anthony Speer may serve as a corporate representative of Doucet Speer, APLC in this lawsuit, including for such purposes of a Rule 30(b)(6) deposition or providing settlement authority. The sole issue before the Court is whether Doucet-Speer, APLC's interests in this lawsuit have transferred to John Anthony Speer for the purposes of substitution pursuant to Rule 25(c). No such transfer – by assignment or otherwise – has been established.

Having considered the record, the Court finds no basis to order the substitution of John Anthony Speer, as the Testamentary Executor for the Estate for Jeffery F. Speer, in place of Doucet-Speer, APLC as a party plaintiff. Even if Doucet-Speer, APLC had been dissolved, and the appropriate interests were transferred by assignment pursuant to a plan of liquidation to the sole shareholder's succession representative, it would nevertheless be proper for Doucet-Speer, APLC to maintain this action without substitution of the succession representative (*i.e.*, transferee) as the plaintiff. *See Froning's, Inc. v. Johnston Feed Serv., Inc.*, 568 F.2d 108, 109-10 (8th Cir. 1978).

Rule 25(c) expressly provides that "the action may be continued by" Doucet-Speer, APLC, "the original party" to this action. *See* Fed. R. Civ. P. 25(c).

Given the record, the Court will, in its discretion, deny substitution pursuant to Rule 25(c). *See Whitaker v. CWS village Residential LP*, 249 F. Apex 389, 390 (5th Cir. 2007) (ruling on Rule 25(c) motion is reviewed for abuse of discretion); *see Froning's*, 568 F.2d at 110 n.4 ("The decision whether to substitute parties lies within the discretion of the trial judge and he may refuse to substitute parties in an action even if one of the parties so moves.").

### III.    Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Motion to Enroll as Counsel of Record and Substitute Party (R. Doc. 113) is **GRANTED**. John Anthony Speer, as the Testamentary Executor for the Estate for Jeffery F. Speer, is hereby **SUBSTITUED** as party plaintiff in place of Jeffery F. Speer, the decedent. The docket shall reflect that Mark S. Owen, and the law firm of Owens Law, is enrolled as counsel for Plaintiff John Anthony Speer.

**IT IS FURTHER ORDERED** that the Motion to Substitute Party (R. Doc. 114) is **DENIED**. Doucet-Speer, APLC shall remain named as a party plaintiff.

Signed in Baton Rouge, Louisiana, on March 27, 2025.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**